#### IN THE UNITED STATES DISTRICT COURT FOR THE
#### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES MICHAEL DeWITT, Jr., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No.  CIV-11-1302-F |
| ) | |
| WARDEN, FCI EL RENO, ) | |
| ) | |
| Respondent. ) | |

### REPORT AND RECOMMENDATION

Petitioner, a federal prisoner appearing pro se, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Pursuant to an order entered by United States District Judge Stephen P. Friot, this matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B).  Respondent has filed a motion to dismiss, to which Petitioner has responded. Thus, the matter is at issue and ready for disposition.  For the following reasons, it is recommended that the petition be denied.

**I.    BACKGROUND**

Petitioner is an inmate currently serving a 51 month sentence at the Federal Correctional Institution in El Reno, Oklahoma.  Petition, p. 1; Motion to Dismiss, Ex. 1, Att. 4.  On December 10, 2008, Petitioner was arrested by the Louisville, Kentucky Metropolitan Police Department on a state criminal charge of Fourth Degree Domestic Violence Assault. Motion to Dismiss, Ex. 1, Att. 3.  On December 22, 2008, he was sentenced in Jefferson County, Kentucky state court to 365 days custody, with 275 days conditionally discharged,

and he was ordered to immediately serve 90 days.  Motion to Dismiss, Ex. 1, Att. 3.

On January 23, 2009, Petitioner was released to the U.S. Marshal's Service in the Western District of Kentucky, pursuant to a federal writ of habeas corpus ad prosequendum related to pending federal charges against Petitioner.  Motion to Dismiss, Ex. 1, Att. 2, Ex. 2.  On March 9, 2009, Petitioner completed his 90 day sentence on his state assault charge, but he was held on additional pending state charges until July 15, 2009.  Motion to Dismiss, Ex. 1, Att. 3.  Upon the dismissal of the additional state criminal charges on July 15, 2009, Petitioner's custody status changed from being held only pursuant to the writ to being under the primary custody of the federal court.  Motion to Dismiss, Ex. 1, Att. 2.

Petitioner plead guilty to federal charges of possession of a firearm after conviction of a felony and two counts of uttering counterfeit obligations and on December 17, 2009, he was sentenced to 51 months imprisonment.  Motion to Dismiss, Ex. 1, Att. 4.  Upon his conviction, the Bureau of Prisons (BOP) conducted a sentence computation and gave Petitioner credit for time served beginning March 10, 2009, the day following the completion of his state sentence, through December 16, 2009, the day previous to the commencement of his federal sentence.  Motion to Dismiss, Ex. 1.  Petitioner filed the current habeas petition based on his contention that he did not but should have received credit against his federal sentence for his confinement from December 10, 2008, the date of his initial arrest, to December 17, 2009, the day of his federal convictions for which he is currently confined.

## II.   DISCUSSION

### A. Exhaustion of Administrative Remedies

An action brought pursuant to 28 U.S.C. § 2241 may be subject to dismissal on exhaustion grounds. Although section 2241 does not contain an explicit exhaustion requirement, the law in this Circuit generally requires an inmate to exhaust the BOP's administrative remedies before seeking federal habeas relief. See, e.g., Williams v. O'Brien, 792 F.2d 986, 987 (10th Cir. 1986) (petitioner challenging BOP's computation of release date must exhaust BOP's administrative procedures "because the agency is in a superior position to investigate the facts"); Sandefur v. Pugh, Nos. 98-1377, 98-1400, 1999 WL 679685, at *1 (10th Cir. Sept. 1, 1999) ("It has long been settled that, before a federal inmate may seek review of complaints relating to aspects of his imprisonment such as computation of his sentence, he must exhaust the administrative remedies set forth in 28 C.F.R. §§ 542.13-16."). See also Buchanan v. United States Bureau of Prisons, No. 04-3497, 133 Fed. Appx. 465, 467 (10th Cir. May 18, 2005) (petitioner filing suit pursuant to 28 U.S.C. § 2241 and requesting 160 days of sentence credit pursuant to 18 U.S.C. § 3585(b) was required to exhaust administrative remedies prior to pursuing relief under § 2241); Holman v. Booker, No. 98-3124, 1998 WL 864018, at *2-3 (10th Cir. Dec. 14, 1998) (petitioner challenging BOP's computation of sentence generally must exhaust BOP's administrative procedures before seeking federal habeas relief unless exhaustion of remedies is futile).

Pursuant to BOP policy, see 28 C.F.R. §§ 542.10-542.18, a federal inmate must proceed through four levels of administrative review in order to have exhausted

administrative remedies. First, an inmate must attempt to informally resolve his or her concerns with prison staff. 28 C.F.R. § 542.13. If this attempt fails, an inmate must submit a formal written Administrative Remedy Request. 28 C.F.R. § 542.14(a). If the Request does not provide satisfactory relief, an inmate must appeal the resolution of his or her Request to the appropriate BOP Regional Director. 28 C.F.R. § 542.15(a). Finally, if an inmate disagrees with the Regional Director's decision, the inmate must appeal the decision to the BOP's General Counsel. Id. Each stage of the process has its own time limits and procedural instructions, and inmates are required to adhere to them. See Patel v. Fleming, 415 F.3d 1105, 1109-10 (10th Cir. 2005) (describing four levels of BOP administrative review).

The records indicate that Petitioner did not make any attempt at exhausting administrative remedies with respect to the claims raised in the Petition. In his response to the motion to dismiss, Petitioner disputes that he did not seek administrative relief but fails to attach evidentiary support beyond an e-mail he sent to a records clerk. Response, Ex. 1. As outlined above, an e-mail to a records clerk does not constitute exhaustion of administrative remedies.

It is not necessary, however, to resolve any factual dispute regarding Petitioner's efforts at exhaustion. Petitioner's claim lacks merit and should be denied notwithstanding his apparent failure to exhaust administrative remedies. See 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."); Montez v. McKinna, 208 F.3d 862, 866 (10th Cir. 2000) ("[B]ecause no credible federal

constitutional claim is raised in [the] petition, we conclude it is not inconsistent with § 2241 or our habeas corpus precedent to follow the policy of § 2254(b)(2) in this case"). Accordingly, the merits of Petitioner's claim are reviewed.

### B. Petitioner's pre-federal sentence custody

Computation of a federal sentence is governed by 18 U.S.C. § 3585, which determines (1) when a federal sentence of imprisonment commences and (2) whether credit against that sentence must be granted for time spent in "official detention" before the sentence began. Reno v. Koray, 515 U.S. 50, 55 (1995). Petitioner does not challenge the BOP's conclusion that his federal sentence began on December 17, 2009, the date his federal sentence was pronounced. Instead, Petitioner claims that the BOP violated federal law by failing to credit his federal sentence with time spent in custody from December 10, 2008, the date of his arrest, until December 17, 2009, the date his federal sentence was pronounced.

As an initial matter, the record shows that Petitioner received credit toward his federal sentence for his confinement from March 10, 2009 through December 16, 2009, as set forth above. Therefore, the only time period at issue herein is Plaintiff's confinement from December 10, 2008 through March 9, 2009.

18 U.S.C. § 3585(b), addressing the award of credits for time spent in "official detention" prior to the date a prisoner's sentence commences, provides:

> (b) Credit for prior custody.-A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-
>
> (1) as a result of the offense for which the sentence was imposed; or

(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

*that has not been credited against another sentence.*

18 U.S.C. § 3585(b)(emphasis provided).

Petitioner's confinement from December 10, 2008 through March 10, 2009 was credited toward his state sentence, which mandated 90 days confinement. Motion to Dismiss, Ex. 1. Pursuant to § 3585(b), the BOP is statutorily precluded from granting double credit for this time period by applying it to his federal sentence as credit for prior custody is strictly limited to time served "that has not been credited against another sentence." See United States v. Wilson, 503 U.S. 329, 334, 337 (1992); Binford v. United States, 436 F.3d 1252, 1254 (10th Cir. 2006).[1]

## **RECOMMENDATION**

In light of the foregoing, the undersigned recommends that Petitioner's petition for a writ of habeas corpus be denied. Petitioner is advised of the right to object to this Report and Recommendation by April 4, 2012, in accordance with 28 U.S.C. § 636 and Fed.R.Civ.P. 72, by filing objections with the Clerk of Court. Petitioner is further advised that failure to

---

[1] Petitioner contends that he was arrested by the U.S. Marshal and was, therefore, in federal custody from the date of his arrest forward. The record shows that he was arrested by the Louisville Police Department. Motion to Dismiss, Ex. 1. However, even had that not been the case, the U.S. Marshal could have relinquished custody to the state. See Weekes v. Fleming, 301 F.3d 1175 (10th Cir. 2002) (noting that the first sovereign with custody may relinquish custody). Moreover, when Petitioner was released to the U.S. Marshal in January 2009, it was pursuant to the writ of habeas corpus ad prosequendum only and primary custody did not transfer to the U.S. Marshal until July 15, 2009, when additional state charges against Petitioner were dismissed. Motion to Dismiss, Ex. 1, Att. 2.

make timely objection to this Report and Recommendation waives any right to appellate review of both factual and legal issues contained herein.  <u>Moore v. United States</u>, 950 F.2d 656 (10th Cir. 1991).  This Report and Recommendation disposes of all matters referred to the undersigned Magistrate Judge.

  ENTERED this 15th day of March, 2012.

                  _/s/ Doyle W. Argo_
                  DOYLE W. ARGO
                  UNITED STATES MAGISTRATE JUDGE